UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: ROBASTY CORP.,

          Debtor.
_____

CUSTOM PAK, INC. and DIMARE TAMPA, INC.,

          Appellants,

vs.                                 Case No.  2:07-cv-759-FtM-29
                                        Bankr. No. 9:06-bk-7219-ALP

JACQUES SCOTT GROUP LTD. and ROBERT E. TARDIF, JR., Trustee,

          Appellees.
_____

**OPINION AND ORDER**

     This matter comes before the Court on appellants' Motion for Enlargement of the Time to File Appellant Reply Brief (Doc. #7) filed on December 21, 2007.  Appellants seek a brief extension of time to file a reply brief.  For the reasons stated below, the Court will grant the motion.

     Also before the Court is appellees' Motion to Bifurcate and Stay Appeal and to Remand to United States Bankruptcy Court for Detailed Order (Doc. #5), filed on December 3, 2007.  No response has been filed, however, it would appear that appellees agree to the relief sought as to at least one issue on appeal.

     The Notice of Appeal (Doc. #1-2) stems from the "Order on Objections to Fees and Costs of Dimare - Tampa Tampa, Inc. (45-1)

and Custom Pak, Inc. (46-1) Filed by Chapter 7 Trustee (Doc. 166) and Jacques Scott Group Ltd (Doc. 165)" (Doc. #1-3) sustaining in part and overruling in part the objections filed by appellees in the Bankruptcy Court, and allowing attorney's fees and costs to be reduced to $3,400.00.  The issues presented on appeal by appellants are whether the Bankruptcy Court abused its discretion by failing to provide a written memorandum or decision explaining the reasons for the 73% reduction of contractual fees and costs; and whether the Bankruptcy Court abused its discretion by reducing appellants' contractually due fees and costs by 73%.  (Doc. #3, p. 6.)

Since the parties agree that the Order on Objections, even with a transcript, should be more detailed, and the Court cannot conduct a meaningful review without an articulated basis, the Court will issue a limited remand to correct the matter.  See In re Corrugated Container Antitrust Litig., 643 F.2d 195 (5th Cir. 1981), aff'd, 659 F.2d 1337 (5th Cir. 1981); Serra Chevrolet, Inc. v. GMC, 446 F.3d 1137 (11th Cir. 2006); Jernigan v. United States, 180 Fed. Appx. 56 (11th Cir. 2006); United States v. Stevenson, 240 Fed. Appx. 343 (11th Cir. 2007).

Accordingly, it is now

**ORDERED**:

1.  Appellees' Motion to Bifurcate and Stay Appeal and to Remand to United States Bankruptcy Court for Detailed Order (Doc. #5) is **GRANTED** as follows:

    a.  Pursuant to Federal Rule of Bankruptcy Procedure 8013, the "Order on Objections to Fees and Costs of Dimare - Tampa Tampa, Inc. (45-1) and Custom Pak, Inc. (46-1) Filed by Chapter 7 Trustee (Doc. 166) and Jacques Scott Group Ltd (Doc. 165)" is **remanded** for the **limited** purpose of supplementing the record on appeal to articulate the basis for the 73% reduction of contractual fees and costs;

    b.  The second issue on appeal is **bifurcated** to the extent that it will be addressed after the record is supplemented; and

    c.  The appeal is otherwise **stayed** until such time as the supplemental record is transmitted to the District Court.

    2.  Appellants' Motion for Enlargement of the Time to File Appellant Reply Brief (Doc. #7) is **GRANTED** to the extent that the reply brief may be filed within **TEN (10) DAYS** of the stay being lifted.

    3.  The Clerk shall transmit a copy of this Opinion and Order to the Clerk of the United States Bankruptcy Court for further action.

    **DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of December, 2007.

*[signature]*
JOHN E. STEELE
United States District Judge

Copies:
Hon. Alexander L. Paskay
Counsel of record